IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSHUA S. FARNER, # B-84713,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16-cv-310-NJR |
| ) | |
| **WARDEN STEPHEN DUNCAN,** ) | |
| **GOINS, LT. DALLAS,** ) | |
| **STEVEN KIEM, COUNSELOR RAY,** ) | |
| **and UNKNOWN PARTY CHAPLAIN,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, currently incarcerated at Pontiac Correctional Center ("Pontiac"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined at Lawrence Correctional Center ("Lawrence"). Plaintiff claims that Defendants violated his right to practice his religion. The complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d

1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

**The Complaint**

Plaintiff explains that in December 2015, he filed for placement on the Chanukah holiday list and was told by Rabbi Schieman (who is not a Defendant) that his name was on the list to participate in the religious services. When Chanukah services began, however, Plaintiff was not permitted to leave his cell to observe the Menorah and festival lights (Doc. 1, p. 5).

Over several days, correctional officers denied Plaintiff's requests to allow him out for Chanukah services. Plaintiff wrote to Defendant Wardens Goins and Duncan, the John Doe

Lawrence Chaplain, and Defendant Lt. Dallas, but nothing happened.

When Plaintiff learned that the prison had a special Menorah that met security concerns because it did not use an actual flame, he filed a grievance with Defendant Counselor Ray over his exclusion from services. Defendant Ray refused to respond to the grievance. Plaintiff then wrote to Defendant Dallas asking him to make Defendant Ray answer the grievance; Defendant Dallas indicated he had no authority to do so. Defendant Dallas could not explain why Plaintiff was not allowed to have the security-compliant Menorah. Plaintiff wrote other inquiries to Defendants Goins, Duncan, and the Lawrence Chaplain, but got no response. He asserts that Defendant Kiem (Chief Chaplain for the Illinois Department of Corrections) made "all of the arrangements" regarding the prison's Chanukah services (Doc. 1, p. 5).

Plaintiff articulates claims both for the denial of his opportunity to properly observe the Festival of Chanukah and for the denial of access to the grievance process. He seeks injunctive relief to ensure that all Jewish inmates will be allowed to observe their religious holidays, asks that the Lawrence Chaplain be terminated from his job, and seeks compensatory damages (Doc. 1, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** First Amendment claim against all Defendants for excluding Plaintiff from participation in Chanukah services and observation in December 2015;

**Count 2:** Claim against Defendants Ray, Goins, Duncan, and Dallas for refusing to address Plaintiff's grievances over his exclusion from Chanukah services.

As explained below, Count 1 shall proceed for further review against some of the Defendants. Count 2 shall be dismissed for failure to state a claim upon which relief may be granted.

**Count 1–First Amendment**

It is well-established that "a prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990); *see Al-Alamin v. Gramley,* 926 F.2d 680, 686 and nn. 3-5 (7th Cir. 1991) (collecting cases). Restrictions on access to religious services and other opportunities are reviewed in light of four factors: (1) whether there is a valid and rational connection between the regulation prohibiting access and a legitimate governmental interest to justify it; (2) whether there are alternative means of exercising the right to practice religion that remain open to inmates; (3) whether accommodation of the right to practice would have a significant impact on prison staff or other inmates; and (4) whether the regulation is reasonable in terms of allowing prisoners use of available alternatives. *Turner v. Safley*, 482 U.S. 78 (1987); *see also Beard v. Banks*, 548 U.S. 521 (2006).

Here, Plaintiff alleges that he was not allowed to leave his cell to participate in Chanukah services held at the prison. The complaint also indicates that the special Menorah might have been available for him to use in his cell, but he did not have access to this item either. Further factual development will be necessary in order to determine whether Plaintiff's exclusion from celebrating Chanukah was justified under the *Turner* factors, or whether the restrictions violated his constitutional rights.

Turning to the Defendants, Plaintiff indicates that he alerted Defendants Duncan, Goins, Dallas, and the Unknown Party Lawrence Chaplain to the problem at the time he was refused permission to leave his cell for services. This allegation indicates that these individuals had an opportunity to rectify the situation, yet did nothing to correct the alleged constitutional violation. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). This requirement appears to be met as to Defendants Duncan, Goins, Dallas, and the Unknown Party Lawrence Chaplain; therefore, Count 1 shall proceed against these parties.

Conversely, a defendant who was not personally involved in the unconstitutional action(s) cannot be held liable in a civil rights action. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (in order to be held individually liable, "a defendant must be 'personally responsible for the deprivation of a constitutional right.'") (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Plaintiff alleges that Defendant Ray (counselor) failed to respond to the grievance he filed over the other Defendants' improper actions. As such, it appears that Defendant Ray was made aware of the problem only after the fact, and he was not one of the individuals who prevented Plaintiff from observing Chanukah at the time the holiday was being celebrated. This does not amount to the personal involvement that is necessary for liability to attach. Defendant Ray shall thus be dismissed from Count 1.

As to Defendant Kiem, who is the "Chief Chaplain" for the IDOC, located in Springfield, Illinois, Plaintiff states only that "all of the arrangements" were made through him (Doc. 1, p. 5). It is not clear what Plaintiff means by this statement. The complaint does not include any factual

allegations that would indicate Defendant Kiem was involved in, or even had any knowledge of, the events that resulted in Plaintiff's exclusion from Chanukah services/observation at Lawrence. Further, the doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. *Sanville*, 266 F.3d at 740. Because Defendant Kiem does not appear to have been personally involved in violating Plaintiff's constitutional rights, he shall also be dismissed from Count 1.

To summarize, **Count 1** shall advance for further review against Defendants Duncan, Goins, Dallas, and the Unknown Party Lawrence Chaplain, however, Plaintiff must identify the Lawrence Chaplain by name before the action can proceed against him.

**Dismissal of Count 2–Grievance Procedure**

Plaintiff seeks to assert a distinct claim against Defendants Goins, Duncan, Ray, and Dallas for denying him access to the prison's grievance process when they failed to respond to his complaints. But a Defendant's action or inaction in handling Plaintiff's grievances does not support an independent constitutional claim. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). *See also Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim").

For these reasons, **Count 2** shall be dismissed from the action with prejudice for failure to state a claim upon which relief may be granted.

**Injunctive Relief**

Plaintiff's request for injunctive relief for himself and other inmates to be allowed to observe their religious holidays appears to have become moot, since Plaintiff is no longer housed under the control of the remaining Defendants. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he would again be incarcerated at Lawrence under the conditions described in the complaint, would it be proper for the Court to consider injunctive relief in this action. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

Furthermore, Plaintiff's demand for the termination of the Lawrence Chaplain goes far beyond the scope of relief which this Court may grant. An order to terminate the employment of a prison official as a remedy for having violated a prisoner's constitutional rights would be an abuse of the Court's discretion, and it also would violate the Prison Litigation Reform Act (PLRA), 18 U.S.C. § 3626, which limits prospective relief[1] to an order correcting the violation.

For these reasons, Plaintiff's requests for injunctive/prospective relief are dismissed without prejudice.

**Disposition**

**COUNT 2** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Defendants **KIEM** and **RAY** are **DISMISSED** from this action without prejudice.

---

[1] "'[P]rospective relief' includes 'all relief other than compensatory monetary damages.' [18 U.S.C.] § 3626(g)(9), (g)(7)." *Rowe v. Jones*, 483 F.3d 791, 795 (11th Cir. 2007). Thus, termination of employment is a form of prospective relief.

As to **COUNT 1**, the Clerk of Court shall prepare for Defendants **DUNCAN, GOINS, and DALLAS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendant Lawrence Chaplain until such time as Plaintiff has identified this individual by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received

by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 13, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**